# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

No. 24-40382
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jake Ellis Daughtry,

*Defendant*,

*versus*

Right Price Chemical; Best Buy Industrial Supply;
Jake's Fireworks; Daughtry Investments L.L.C.; Jake's
RV Park,

*Appellants*.

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CR-55-1

———————

No. 24-40382

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jake Ellis Daughtry, federal prisoner # 29552-078, pleaded guilty pursuant to a plea agreement to conspiracy to distribute a date rape drug over the internet to an unauthorized purchaser and was sentenced to 180 months of imprisonment and three years of supervised release. Daughtry agreed that $480,683.75 was subject to forfeiture and agreed not to challenge the forfeiture. Through counsel, Daughtry filed a petition for return of property pursuant to 21 U.S.C. § 853(n), arguing that forfeited money belonged to various businesses, including Right Price Chemical, Best Buy Industrial Supply, Jake's Fireworks, Daughtry Investments, and Jake's RV Park, as well as his parents.[1] The district court denied the petition. Daughtry timely appealed.

According to Daughtry, the claimants and his parents were entitled to an ancillary proceeding and an evidentiary hearing concerning their interest in the forfeited property and that their prior release of funds was not a waiver of their rights under § 853(n). In addition, he argues that the claimants had standing to pursue their claims for return of the property under § 853(n) and that the district court only addressed his standing.

"In evaluating a district court's disposition of a petition filed under 21 U.S.C. § 853(n), we review factual findings for clear error and legal conclusions de novo." *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 683 (5th Cir. 2013). "Additionally, we review de novo a district court's interpretation and application of . . . § 853." *Id.*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] Jake's father was also a defendant in this lawsuit.

2

Daughtry has not shown that the district court erred in denying his petition for return of property because it did not meet the statutory requirements of § 853(n). *See id.* Daughtry's argument that the claimants did not waive their right to file a petition under § 853(n) lacks merit as the district court did not deny the petition on that ground. The district court correctly determined that Daughtry, as a defendant, did not have standing because the statute expressly provides that a defendant may not file such a petition. *See* 21 U.S.C. § 853(n)(2).

To the extent Daughtry sought to establish an interest in the forfeited property, the district court did not err in finding that he had waived the right to contest or challenge the forfeiture and agreed not to file a claim to the listed property in any civil proceeding in his plea agreement. *See United States v. $8,720*, 264 F.3d 1140, 1140 (5th Cir. 2001). To the extent Daughtry sought property that was not forfeited, the district court did not err in finding that he did not identify the subject property. Daughtry does not argue that the district court erred in finding that his counsel did not represent the claimants or his parents. Therefore, he has abandoned this issue on appeal. *See United States v. Stanford*, 805 F.3d 557, 572 (5th Cir. 2015); *see also Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). He has failed to show that the district court erred by addressing only his standing. Nonetheless, the petition did not allege sufficient facts to demonstrate that the claimants or his parents had a superior interest in the property prior to Daughtry's commission of the underlying crime as required by § 853(n). *See Holy Land Found. for Relief & Dev.*, 722 F.3d at 685. Because the petition did not demonstrate that the claimants or his parents had a right to return of the property under § 853(n)(6), it was subject to dismissal for failure to state a claim without an evidentiary hearing. *See* § 853(n); *see also* Fed. R. Crim. P. 32.2(c)(1)(A).

AFFIRMED.

3